UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NATALE COZZOLINO and | : | |
| PATRICIA COZZOLINO | : | CASE NO. |
| | : | |
| *Plaintiffs* | : | |
| | : | |
| *v.* | : | |
| | : | |
| SPECIALIZED LOAN SERVICING LLC | : | |
| | : | July 6, 2015 |
| *Defendant* | : | |

## COMPLAINT

Plaintiffs Natale Cozzolino and Patricia Cozzolino, by and through their undersigned attorney, hereby file this Complaint against Defendant Specialized Loan Servicing LLC ("Specialized Loan Servicing"), and in support thereof allege and state as follows:

### INTRODUCTION

This is an action for damages, costs, and attorney's fees arising out of Specialized Loan Servicing's "dual-tracking" of the Plaintiffs by attempting to foreclose on their home immediately after offering them a loan modification. The Plaintiffs seek relief pursuant to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a et seq. ("CUTPA"), and certain common-law claims.

### JURISDICTION AND VENUE

1. This Court has jurisdiction under 12 U.S.C. § 2614.

2. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the claims over which this Court has

original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this District is proper as the Plaintiffs Natale Cozzolino and Patricia Cozzolino are individuals residing in Oakdale, Connecticut, Defendant Specialized Loan Servicing LLC transacts business within the State of Connecticut, and the conduct complained of occurred in this District.

## PARTIES

4. Plaintiffs Natale Cozzolino and Patricia Cozzolino are natural persons residing in Oakdale, Connecticut.

5. The Plaintiffs are "persons" within the meaning of CUTPA and RESPA in that they are "natural persons" pursuant to C.G.S. § 42-110a (3) and "individuals" pursuant to 12 U.S.C. § 2602(5).

6. Defendant Specialized Loan Servicing LLC, a Delaware limited liability company registered to do business in Connecticut, is engaged in the business of servicing residential mortgage loans in Connecticut, with its business address and mailing address located at 8742 Lucent Blvd., Suite 300, Highlands Ranch, CO 80129.

7. The Plaintiffs' loan is a federally related mortgage loan as defined by 12 U.S.C. § 2602(1) in that such loan is secured by a first lien on a one-family unit of residential real property and was made by a lender satisfying the requirements of 12 U.S.C. § 2602(1)(B)(i) or a creditor satisfying the requirements of 12 U.S.C. § 2602(1)(B)(iv).

8. Specialized Loan Servicing was, at times relevant to this complaint, the loan servicer of the Plaintiff's loan for purposes of 12 U.S.C. § 2605.

## FACTUAL ALLEGATIONS

9. Plaintiffs Natale Cozzolino and Patricia Cozzolino (collectively "the Cozzolinos"), a married couple, jointly own a single family residential property located at 504 Chapel Hill Road in Oakdale, Connecticut ("the home").

10. In or about 2007, the Cozzolinos obtained a loan secured with a mortgage on the home, which they used the proceeds of to pay off a previous note and mortgage.

11. The servicer of such mortgaged note from the beginning of the period relevant to this Complaint through the present was Specialized Loan Servicing.

12. Sometime in or around the beginning of 2012, the Cozzolinos fell behind on their mortgage payments due to a reduction in their household income.

13. In December 2012, an action to foreclose on the home was commenced in New London Superior Court in a case styled *U.S. Bank National Association, as Trustee* v. *Cozzolino, Natalie Et Al*, Case No. KNL-CV13-6015858-S.[1] The foreclosing plaintiff was represented by Martha Croog LLC and, up until September 2014, the Cozzolinos were *pro se*.

14. Specialized Loan Servicing acted as the agent and servicer for the purported holder of the Cozzolinos' mortgage loan and was responsible for directing the foreclosing plaintiff's counsel and negotiating with the Cozzolinos to resolve their mortgage delinquency and the foreclosure case.

15. In or around June 2014, the Cozzolinos submitted an application for a loan modification to Specialized Loan Servicing.

---

[1] Due to a clerical error in the deed, Natale Cozzolino was identified as "Natalie" Cozzolino in the foreclosure action.

16. In a letter dated June 19, 2014, Specialized Loan Servicing acknowledged receipt of the Cozzolinos' request for assistance and their supporting documentation. A true and correct copy of this letter is attached as Exhibit A.

17. In the letter, Specialized Loan Servicing stated that while it was evaluating the Cozzolinos' request for assistance it would not "move for foreclosure judgment or order of sale, or conduct a foreclosure sale" or, if it had already moved for a foreclosure judgment or order of sale, would "take reasonable steps, such as requesting the court delay the consideration of the motion, to avoid a ruling on such a motion until [it] has completed the loss mitigation evaluation." If the Cozzolinos were approved for a foreclosure prevention option, Specialized Loan Servicing stated that "a foreclosure sale will not occur if you continue to honor the terms of the Agreement." See Exhibit A.

18. In the letter, Specialized Loan Servicing requested Mr. Cozzolino's paystubs and tax returns, to be submitted before July 21, 2014, to complete the Cozzolinos' loss mitigation application. See Exhibit A.

19. Thereafter, in or around June 2014, the Cozzolinos timely and fully submitted the documentation requested by Specialized Loan Servicing in the June 19, 2014 letter.

20. Following this submission, the Cozzolinos had submitted a complete loss mitigation application to Specialized Loan Servicing within the meaning of 12 C.F.R. § 1024.41(b)(1).

21. This was the Cozzolinos' first complete loss mitigation application since January 10, 2014, the effective date of the Consumer Financial Protection Bureau's Mortgage Servicing Rule, 12 C.F.R. § 1024 et seq.

22.     In a letter dated July 21, 2014, Specialized Loan Servicing informed the Cozzolinos that they had been approved to enter into a trial loan modification under the federal government's Home Affordable Modification Program ("HAMP") which, following trial payments made in the months of September, October, and November 2014,[2] would result in the permanent modification of their mortgage.  A true and correct copy of this letter is attached as Exhibit B.

23.     In this letter, Specialized Loan Servicing further stated that it "will not proceed to foreclosure sale during the trial period."   See Exhibit B.

24.     The Cozzolinos telephoned Specialized Loan Servicing on or around August 27, 2014 and informed it that they were accepting the HAMP trial plan.

25.     Thereafter, the Cozzolinos timely made all payments required under the trial loan modification, which were accepted by Specialized Loan Servicing.  Specialized Loan Servicing permanently modified their loan effective December 1, 2014.

26.     Specialized Loan Servicing nevertheless pressed forward with the foreclosure action during its review of the Cozzolinos' complete loss mitigation application.  Even after it had approved the Cozzolinos for a HAMP trial loan modification, Specialized Loan Servicing obtained a judgment of strict foreclosure setting a law day to foreclose on the Cozzolinos' home, which was to occur in the midst of the trial loan modification.

27.     On June 19, 2014, Specialized Loan Servicing moved for default against Mr. Cozzolino and Ms. Cozzolino, which was granted by the court on July 7, 2014.

---

[2] Per HAMP guidelines, trial payments may be made at any point in the month they are due.  See MHA Handbook v.4.5, Sec. 8.3.

28.     The motion for default was filed the same date as the letter Specialized Loan Servicing sent to the Cozzolinos acknowledging their loss mitigation application. Upon information and belief, the default order was entered after the Cozzolinos submitted a complete loss mitigation application to Specialized Loan Servicing within the meaning of 12 C.F.R. § 1024.41(b)(1), and Specialized Loan Servicing failed to take reasonable steps to prevent the issuance of the order.

29.     On July 8, 2014, Specialized Loan Servicing filed a motion for a judgment of strict foreclosure in which it requested that the court set law days to foreclose on the Cozzolinos' home.

30.     Upon information and belief, the motion for strict foreclosure was filed after the Cozzolinos submitted a complete loss mitigation application to Specialized Loan Servicing within the meaning of 12 C.F.R. § 1024.41(b)(1).

31.     On July 17, 2014, Specialized Loan Servicing filed paperwork in support of its motion for a judgment of strict foreclosure.

32.     The aforementioned paperwork was filed after the Cozzolinos submitted a complete loss mitigation application within the meaning of 12 C.F.R. § 1024.41(b)(1) to Specialized Loan Servicing and just four days before it offered them a HAMP trial loan modification.

33.     Even after Specialized Loan Servicing offered the Cozzolinos a HAMP trial loan modification on July 21, 2014, it continued to take affirmative steps to obtain a foreclosure judgment.

34.     On July 23, 2014, Specialized Loan Servicing "reclaimed" its motion for a judgment of strict foreclosure, effectively requesting that the court set a hearing for its motion.

35.     On July 30, 2014, Specialized Loan Servicing filed additional paperwork in support of its motion for a judgment of strict foreclosure.

36.     On July 31, 2014, Specialized Loan Servicing filed an affidavit in support of its motion for a judgment of strict foreclosure, which was signed July 26, 2014.

37.     Specialized Loan Servicing went forward on its motion for a judgment of strict foreclosure at a court hearing on August 4, 2014.  At Specialized Loan Servicing's request, the court ordered a judgment of strict foreclosure and set a law day for November 18, 2014.  A true and correct copy of the court's order is attached as Exhibit C.

38.     Based on Specialized Loan Servicing's representations and their belief that it could not lawfully foreclose on their home while they were considering its offer for a HAMP trial loan modification, the Cozzolinos did not attend the court hearing on August 4, 2014.

39.     The Cozzolinos first learned about the November 18, 2014 law day when they received a copy of the judgment in the mail.  The Cozzolinos were extremely upset and fearful that Specialized Loan Servicing was foreclosing on their home, and they promptly contacted the Specialized Loan Servicing's attorney.

40.     Specialized Loan Servicing's attorney admitted that Specialized Loan Servicing did not notify them of the HAMP trial loan modification or the Cozzolinos' complete loss mitigation application until after the judgment of strict foreclosure was entered on August 4, 2014 and did not otherwise instruct them not to proceed with obtaining a foreclosure judgment during loss mitigation review.

41.     Specialized Loan Servicing actions and inactions ran afoul of the prohibition on "dual-tracking" of borrowers in foreclosure during loss mitigation review contained in 12 C.F.R.

§ 1024.41(g) and the specific representations it made to the Cozzolinos in its June 19, 2014 and July 21, 2014 letters.

42. Thereafter, Specialized Loan Servicing failed to take action to instruct its attorneys to move to vacate the foreclosure judgment, even though it had obtained it in violation 12 C.F.R. § 1024.41(g) and the Cozzolinos would lose their home on November 18, 2014, before their final payment under the trial loan modification was even due on November 30, 2014 and before their loan could be permanently modified.

43. Specialized Loan Servicing further refused to cooperate with the Cozzolinos own efforts to vacate the foreclosure judgment and prevent the loss of their home.

44. The Cozzolinos obtained counsel and, through their attorneys, moved to open and vacate the judgment of strict foreclosure on September 24, 2014.

45. Specialized Loan Servicing would not consent to the Cozzolinos' motion to open and vacate the judgment setting the November 18, 2014 foreclosure date.

46. In its reply to the Cozzolinos' motion to open, Specialized Loan Servicing admitted that it had failed to inform its counsel of the July 21, 2014 HAMP trial loan modification offer until after the strict foreclosure judgment was entered on August 4, 2014. It further acknowledged that Specialized Loan Servicing had accepted the Cozzolinos' first trial loan modification payment but claimed the Cozzolinos' motion was "premature" and that it was "reasonably [...] awaiting a determination of whether the Defendants would perform or default on the [trial loan modification]" before moving to open and vacate the judgment.

47. Through its attorneys, Specialized Loan Servicing orally opposed the Cozzolinos' motion to open and vacate the judgment at a hearing on October 20, 2014. Its attorney acknowledged on the record that Specialized Loan Servicing had not informed them of the trial

loan modification until after the foreclosure judgment was entered and that Specialized Loan Servicing had accepted the Cozzolinos' first trial loan modification payment.

48. On October 20, 2014, the court granted the Cozzolinos' motion to open and vacate the judgment over Specialized Loan Servicing's objection, and the foreclosure case against the Cozzolinos was withdrawn by the plaintiff on January 6, 2015.

49. Specialized Loan Servicing has also failed to adequately respond to two Qualified Written Requests under RESPA ("QWRs") submitted by the Cozzolino in which they requested, among other things, information about foreclosure fees that accumulated as a result of dual-tracking that may have been improperly assessed to their account.

50. On February 4, 2015, on behalf of the Cozzolinos, counsel sent a QWR to Specialized Loan Servicing that requested an itemization of amounts capitalized in the HAMP loan modification, an itemization of fees charged to the Cozzolinos over the life of the loan, and information related to the escrow account. A true and correct copy of the letter is attached hereto as Exhibit D.

51. Specialized Loan Servicing responded in a letter dated February 12, 2014 that included a payment history, but it failed in this communication or any subsequent one to provide the other information the Cozzolinos had requested in their QWR. A true and correct copy of this letter is attached hereto as Exhibit E.

52. On April 16, 2015, on behalf of the Cozzolinos, counsel sent a second QWR to Specialized Loan Servicing notifying it that it had erred by failing to provide the information requested by the Cozzolinos in their February 4, 2015 QWR and requesting these and additional documents. A true and correct copy of this letter is attached hereto as Exhibit F.

53.     Specialized Loan Servicing did not acknowledge or respond to this QWR or rectify its error.

54.     Specialized Loan Servicing still has not provided the Cozzolinos with the documents they requested in their two QWRs other than a payment history.

55.     As a result of the actions and inactions of Specialized Loan Servicing, the Cozzolinos had to expend time and money to vacate the foreclosure judgment and obtain information from Specialized Loan Servicing, including paying court fees to open the judgment, sending certified letters, making phone calls, and engaging the services of counsel to assist them.

56.     Upon information and belief, as a result of the actions and inactions of Specialized Loan Servicing, the Cozzolinos have been improperly assessed court costs, attorney's fees, and/or other fees.

57.     As a result of the actions and inactions of Specialized Loan Servicing, the Cozzolinos suffered and continue to suffer severe emotional distress.

**CLAIMS**

Count I

VIOLATION OF RESPA

58.     The Plaintiffs incorporate by reference the allegations in Paragraphs 1–57 as if fully set forth herein.

59.     The Defendant Specialized Loan Servicing violated RESPA and its implementing regulations in one or more of the following ways:

  a)     by moving for a foreclosure judgment after the Cozzolinos submitted a complete loss mitigation application, in violation of 12 C.F.R. § 1024.41(g);

      b)      by failing to respond to the Cozzolinos' February 4, 2015 QWR within the applicable statutory period, in violation of 12 U.S.C. § 2605(e) and 12 C.F.R.§ 1024.36;

      c)      by failing to respond to the Cozzolinos' April 16, 2015 QWR and/or conduct a reasonable investigation within the applicable statutory period, in violation of 12 U.S.C. § 2605(e), 12 C.F.R.§ 1024.35, and 12 C.F.R.§ 1024.36;

60.     The Consumer Financial Protection Bureau, the federal agency that promulgates RESPA regulations and is tasked with enforcing its provisions, receives complaints submitted by consumers.  Its database shows that since 2011 it has received over 1,200 complaints against Specialized Loan Servicing for mortgage-related issues.  Upon information and belief, those complaints include Specialized Loan Servicing's dual tracking of consumers and failure to properly and/or timely respond to QWRs.

61.     Upon information and belief, Specialized Loan Servicing has engaged in a pattern or practice of noncompliance with 12 C.F.R. § 1024.41(g) and 12 U.S.C. § 2605(e) with respect to the Cozzolinos as well as other customers.  *See, e.g.,* Complaint, *Linhares v. Bank of New York Mellon,* No. 1:15-cv-00145-M-LDA (D.R.I. Apr. 13, 2015) (alleging dual-tracking by Specialized Loan Servicing in violation of RESPA).

62.     As a direct, proximate, and foreseeable result of the foregoing acts and omissions, the Cozzolinos have suffered actual damages, including court costs, the costs of postage, and, upon information and belief, foreclosure-related costs and fees improperly assessed to their mortgage account.

63.     As a result of the above RESPA violations, Specialized Loan Servicing is liable to the Plaintiffs for actual and consequential damages, statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B), costs, and attorney's fees.

## Count II

## VIOLATION OF CUTPA

64. The Plaintiffs incorporate by reference the allegations in Paragraphs 1-57 as if fully set forth herein.

65. Specialized Loan Servicing's actions described herein were willful, wanton, and/or reckless and indicate a reckless disregard for the just rights or safety of others and/or the consequences of its actions.

66. The actions of Specialized Loan Servicing were undertaken in the conduct of trade or commerce.

67. Specialized Loan Servicing has engaged in unfair and/or deceptive acts or practices within the meaning of C.G.S. § 42-110b(a) including, but not limited to:

   a) "Dual-tracking" the Cozzolinos by moving for a foreclosure judgment after the Cozzolinos submitted a complete loss mitigation application;

   b) Obtaining a foreclosure judgment after offering the Cozzolinos a HAMP trial loan modification;

   c) Obtaining a law day during the Plaintiffs' HAMP trial loan modification, which would have resulted in them losing their home while they were performing on a trial loan modification;

   d) Misrepresenting to the Cozzolinos that it would not move for a foreclosure judgment during loss mitigation review;

   e) Misrepresenting to the Cozzolinos that it would not seek a foreclosure judgment during the HAMP trial loan modification;

   f) Failing to promptly instruct the foreclosing plaintiff's counsel not to

proceed with filing for a foreclosure judgment during loss mitigation review;

g) Failing to take reasonable steps to avoid a ruling on the motion for strict foreclosure and, in actuality, taking affirmative steps to have the court issue a foreclosure judgment;

h) Failing to take reasonable steps to vacate the foreclosure judgment;

i) Opposing the Cozzolinos' own efforts to vacate the foreclosure judgment;

j) Seeking attorney's fees for mediation sessions that did not occur;

k) Assessing to the Cozzolinos' mortgage account costs and fees incurred as a result of its violations of 12 C.F.R. § 1024.41(g); and

l) Failing to properly respond to the Cozzolinos' inquiries regarding their loan account.

68. Specialized Loan Servicing's actions have offended public policy, including that set forth in RESPA, the mortgage servicing rules found in federal "Regulation X," as issued by the Consumer Financial Protection Bureau, and the Department of the Treasury's guidelines for the Making Home Affordable program protecting borrowers from unnecessary foreclosure.[3]

69. Specialized Loan Servicing's actions are willful, immoral, unscrupulous, unethical, and/or oppressive, and cause substantial injury to customers such as the Cozzolinos.

70. As a direct, proximate, and foreseeable result of the foregoing acts and omissions, the Cozzolinos have suffered an "ascertainable loss" as that term is used in C.G.S. § 42-110g(a), including but not limited to court costs, the costs of postage, and, upon information and belief, foreclosure-related costs and fees improperly assessed to their mortgage account.

---

[3] See, e.g., MHA Handbook v. 4.5, available at https://www.hmpadmin.com/portal/programs/docs/hamp_servicer/mhahandbook_45.pdf

13

71. As a result of its violation of CUTPA, Specialized Loan Servicing is liable to the Plaintiffs for actual and consequential damages, costs, and attorney's fees pursuant to C.G.S. § 42-110g(d).

72. A copy of this pleading has been mailed to the Attorney General and the Commissioner of Consumer Protection pursuant to C.G.S. § 42-110g(c).

Count III

NEGLIGENT MISREPRESENTATION

73. The Plaintiffs incorporate by reference the allegations in Paragraphs 1-57 as if fully set forth herein.

74. Specialized Loan Servicing negligently made a misrepresentation of fact – that it would not move for a foreclosure judgment and would take reasonable steps to prevent a decision on a foreclosure judgment motion – that it knew or should have known was false.

75. In reliance on that representation, the Cozzolinos did not file an objection or take other measures to oppose the foreclosing plaintiff's motion for strict foreclosure, which resulted in the entry of a foreclosure judgment and required the Cozzolinos to expend time and money and hire counsel to vacate the judgment.

76. Specialized Loan Servicing is liable for damages alleged herein as a result of its negligent misrepresentations to the Cozzolinos.

Count IV

NEGLIGENCE

77. The Plaintiffs incorporate by reference the allegations in Paragraphs 1-57 as if fully set forth herein.

78. Specialized Loan Servicing owes a duty of care to the customers whose loans its services, including the Cozzolinos. Such a duty arises, in part, out of the Mortgage Servicing Rule promulgated by the Consumer Financial Protection Bureau, 12 C.F.R. § 1024 et seq.

79. Specialized Loan Servicing knew or should have known that "dual-tracking" the Cozzolinos by improperly proceeding with foreclosure during the loss mitigation process and failing to properly respond to the Cozzolinos' QWRs would cause them harm.

80. Specialized Loan Servicing breached its duty of care by moving for and obtaining a foreclosure judgment against the Cozzolinos and failing to properly respond to their QWRs, which caused injury to the Cozzolinos.

81. Specialized Loan Servicing is liable for the damages suffered by the Cozzolinos as a result of its negligent acts and omissions.

## RELIEF

The Plaintiffs respectfully requests that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B);

(2) Actual and consequential damages;

(3) Punitive damages in an amount calculated to punish Specialized Loan Servicing for its willful and egregious conduct, pursuant to C.G.S. § 42-110g(a);

(4) Costs and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f)(1)(C), C.G.S. § 42-150bb, and C.G.S. § 42-110g(d); and

(5) For such other and further relief as the Court deems just and proper.

                         THE PLAINTIFFS,
                         NATALE COZZOLINO AND
                         PATRICIA COZZOLINO

By Counsel: /s/ Sarah E. White
             Sarah E. White (ct29329)
             Connecticut Fair Housing Center
             221 Main Street, 4th Floor
             Hartford, CT  06106
             (860) 263-0726
             (860) 247-4236 fax
             swhite@ctfairhousing.org